UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | CASE NO. *3:02CR250 (AWT)* |
| JULIUS GARNER | USM NO: *14831-014* |
| | *H. Gordon Hall* <br> Assistant United States Attorney |
| | *Michael S. Hillis, Esquire* <br> Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count <u>three of an indictment,</u> Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 21:843 | Use of a Telephone to Facilitate a Narcotics Trafficking Offense | September 2002 | three |

The following sentence is imposed pursuant to the Sentencing Act of 1984. The court concluded that a "Guidelines sentence," as opposed to a "non-Guidelines sentence," see <u>United States v. Crosby</u>, 397 F.3d 103, 112 n.6 (2d Cir. 2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby sentenced to time served. In determining the Guidelines sentence, the court departed pursuant to Guidelines Section 5K2.0, based on extraordinary post-arrest efforts at rehabilitation. Looking at the defendant's lengthy history of addiction, as detailed in paragraph 55 of the presentence report, and at the significant period of time over which he was able to avoid any misstep and the circumstances surrounding his misstep, as set forth in the second addendum to the presentence report, the court concluded that coming from where the defendant started to the point where the defendant is now, namely, doing extremely well at managing his addiction and continuing a strong effort at maintaining steady employment, has required an extraordinary effort.

**SUPERVISED RELEASE**

The defendant shall be on supervised release for a term of one year. The mandatory and standard conditions of supervised release as attached, are imposed. In addition, the following special conditions are imposed:

    1. The defendant shall be placed in community confinement at Watkinson House in Hartford, Connecticut for a period of six months, to commence as soon as a placement is available to him;
    2. The defendant shall participate in a substance abuse treatment program, which may be either inpatient or outpatient, and may include random testing, and the details as to the selection and schedule of the program shall be approved by the U.S. Probation Office; the defendant shall pay all or part of the costs associated with substance abuse treatment, based on his ability to pay as approved by the U.S. Probation Office;
    3. The defendant shall maintain full time employment and/or seek education/vocational training. If at any time the defendant becomes unemployed, he shall notify the U.S. Probation Office within 24 hours and report promptly to the U.S. Probation Office to discuss whether appropriate modifications should be made to his conditions of supervised release.
    4. The defendant shall refrain from being in the presence of persons who are using or selling controlled substances.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**Special Assessment:**     $100     special assessment

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

**DENIAL OF FEDERAL BENEFITS.** See attached AO Form sheet 7.

Not applicable in this case.

<u>June 2, 2005</u>
Date of Imposition of Sentence

Alvin W. Thompson
United States District Judge
Date: June 3, 2005

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
   *Deputy Clerk*

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
**Defendant**                                          **Date**


_____     _____
**U.S. Probation Officer/Designated Witness**        **Date**